1  Jahan C. Sagafi (Cal. Bar No. 224887)
   OUTTEN & GOLDEN LLP
2  One California Street, 12th Floor
   San Francisco, CA 94111
3  Telephone: (415) 638-8800
   Facsimile: (415) 638-8810
4  E-mail: jsagafi@outtengolden.com

5  Michael J. Scimone*
   Chauniqua Young*
6  OUTTEN & GOLDEN LLP
   685 Third Avenue, 25th Floor
7  New York, New York 10017
   Telephone: (212) 245-1000
8  Facsimile: (646) 509-2060
   E-mail: mscimone@outtengolden.com
9  E-mail: cyoung@outtengolden.com

10

11 Paul W. Mollica
   161 North Clark Street, Suite 1600
12 Chicago, IL 60601
   Telephone: (312) 997-5216
13 Facsimile: (646) 509-2075
   Email: pmollica@outtengolden.com

14 *Attorneys for Plaintiffs and proposed Class Members*

15

16              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
17                 SAN JOSE DIVISION

18
   BENJAMIN SIERS, individually and on
19 behalf all others similarly situated,          Case No. _____

20                          Plaintiff,            **COMPLAINT FOR VIOLATIONS OF**

21      v.                                         **FEDERAL AND STATE WARN ACT**

22 VELODYNE LIDAR, INC.,                           **CLASS ACTION**

23                          Defendant.             **DEMAND FOR JURY TRIAL**

24

25

26

27

28

1.      On or about March 30, 2020, Defendant Velodyne Lidar, Inc. ("Velodyne" or "Defendant") terminated the employment of over 140 employees at its San Jose location, which constitutes 33% or more of the workforce at that site of employment, with only one day of written notice. While Velodyne's written notice told employees that the layoffs were caused by the recent COVID-19 pandemic, that representation is not consistent with Velodyne's recent business activities. Velodyne had already begun transferring production jobs overseas beginning in the summer of 2019 and had planned to continue doing so prior to the outbreak of COVID-19. Velodyne's written notice failed to provide employees with a reason for why it was giving them just one day's notice, when a layoff was reasonably foreseeable before that time.

2.      Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Velodyne and who were terminated without cause as part of, or as the foreseeable result of, the plant closing or mass layoff conducted by Velodyne beginning on or about March 30, 2020 and who were not provided 60 days advance written notice of their terminations by Velodyne, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*. ("Federal WARN") and the California WARN Act, Cal. Lab. Code §§ 1400–1408 ("California WARN"), collectively herein "WARN Acts."

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over the Federal WARN claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5), and jurisdiction over the California WARN claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal WARN claim in its original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF FEDERAL AND STATE WARN ACT

4.      Venue is proper for the Federal WARN Act pursuant to 29 U.S.C. § 2104(a)(5), because the violation is alleged to have occurred here and Defendant transacts business here. Venue is proper over the California WARN Act claim pursuant 28 U.S.C. § 1391(b) because Defendant resides here and a substantial part of the events or omissions giving rise to the claim occurred here.

**THE PARTIES**

5.      Plaintiff Benjamin Siers was employed by Velodyne as a production engineer  at Velodyne's worksite located in San Jose, California until he was terminated on or about March 30, 2020. The worksite, on information and belief, during any 30-day period employed 50 or more employees excluding any part-time employees.

6.      Defendant Velodyne Lidar is a corporation organized under the laws of the State of Delaware and has its principal place of business in 5521 Hellyer Avenue, San Jose, CA 95138. Defendant employs or employed 100 or more employees, excluding part-time employees.

7.      Until beginning on or about March 30, 2020, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to Defendant's worksite in San Jose.

**CLASS ACTION ALLEGATIONS**

8.      Plaintiff brings this claim for violation of the WARN Acts on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5), Cal. Lab. Code § 1404, and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from Defendant's worksite and were terminated without cause beginning on or about March 30, 2020, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF FEDERAL AND STATE WARN ACT

beginning on or about March 30, 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) and Cal. Lab. Code § 1400(h) ("WARN Class").

9. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

10. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

11. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

12. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's worksite;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts;

(c) whether Defendant can prove that any exemptions under the WARN Acts apply; and

(d) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Acts.

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF FEDERAL AND STATE WARN ACT

13.     Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class Members, worked at Defendant's worksite and was terminated without cause beginning on or about March 30, 2020, due to the mass layoff and/or plant closing ordered by Defendant.

14.     Plaintiff Benjamin Siers (the "Representative Plaintiff") will fairly and adequately protect the interests of the WARN Class. Representative Plaintiff has retained counsel competent and experienced in complex class actions, especially employment litigation.

15.     On or about March 30, 2020, Defendant terminated Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3) of Federal WARN, and a mass layoff, relocation, or termination as defined by Cal. Lab. Code § 1400(d), (e), or (f), for which they were entitled to receive 60 days advance written notice under the WARN Acts. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of the WARN Acts, where individuals may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

16.     Concentrating all litigation concerning Class members' rights under the WARN Acts in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving Class members' rights under the WARN Acts.

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF FEDERAL AND STATE WARN ACT

17.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

**CLAIMS FOR RELIEF**

**Count I:  Violation of the Federal WARN Act**

18.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

19.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

20.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until they decided to order a mass layoff or plant closing at the worksite.

21.     On or about March 30, 2020, Defendant ordered a mass layoff and/or plant closing at the Facility, as those terms are defined by 29 U.S.C. § 2101(a)(2).

22.     The mass layoff or plant closing at the worksite resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

23.     Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the worksite.

24.     Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

25.    Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

26.    Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

27.    Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

28.    Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

29.    The WARN Act claim in this Count I is equitable in nature.

**Count II:  Violation of the California WARN Act**

30.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31.    At all relevant times, Defendant was an "employer," because it has directly or indirectly owned and operated a covered establishment in San Jose that employed, within the preceding twelve months, 75 or more employees, pursuant to Cal. Lab. Code §§ 1400(a), (b).

32.    On or about March 30, 2020, Defendant ordered a mass layoff, relocation, or termination, as those terms are defined by Cal. Lab. Code §§ 1400(c)–(f).

33.    Plaintiff and the Class Members are "employees" of Defendant, within the meaning of Cal. Lab. Code § 1400(h).

34.    Defendant was required by the California WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF FEDERAL AND STATE WARN ACT

35.     Defendant failed to give the Plaintiff and the Class members 60 days written notice that complied with the requirements of the California WARN Act, including Executive Order N-31-20, in violation of Cal. Lab. Code § 1402(a)

36.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A.  Certification of this action as a class action;

B.  Designation of the Representative Plaintiff as the Class Representatives;

C.  Appointment of the undersigned attorneys as Class Counsel;

D.  A judgment against Defendant in favor of the  Plaintiff and the class of other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E.  Such other and further relief as this Court may deem just and proper.

A JURY IS DEMANDED FOR THE CALIFORNIA WARN ACT CLAIM

Dated:  April 3, 2020

Respectfully submitted,

By:   */s/ Jahan C. Sagafi*
       Jahan C. Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Michael J. Scimone*
Chauniqua Young*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: mscimone@outtengolden.com
E-mail: cyoung@outtengolden.com

Paul W. Mollica
161 North Clark Street, Suite 1600
Chicago, IL 60601
Telephone: (312) 997-5216
Facsimile: (646) 509-2075
Email: pmollica@outtengolden.com

* *pro hac vice* motion forthcoming

*Attorneys for Plaintiffs and proposed Class Members*

- 1 -